NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0285

MELISSA JO DAVIS

VERSUS

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY AND
JONATHAN LEN ANTHONY

Judgment Rendered: **NOV 1 5 2019**

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 2016-0000472

Honorable Charlotte H. Foster, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

<table>
<tr><td>William R. Mustian, III<br>Metairie, LA</td><td>Counsel for Plaintiff/Appellant,<br>Melissa Jo Davis</td></tr>
<tr><td>Dan Richard Dorey<br>Covington, LA</td><td>Counsel for Defendant/Appellee,<br>Louisiana Farm Bureau Casualty<br>Insurance Company</td></tr>
</table>

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

**WHIPPLE, C.J.**

Plaintiff, Melissa Jo Davis, appeals from a judgment of the trial court in favor of defendant, Louisiana Farm Bureau Casualty Insurance Company, dismissing her suit with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 18, 2015, at approximately 4:05 p.m., plaintiff was backing her 2008 Toyota Corolla out of a parking spot off of, and perpendicular to, East Oak Street[1] between South Myrtle and South Bay Streets in Amite. As she backed out, her vehicle collided with a 2013 Chevrolet Silverado truck driven by Jonathan Anthony, who was travelling west on East Oak Street.

Plaintiff thereafter filed a petition for damages for injuries allegedly sustained as a result of this accident against Mr. Anthony and his insurer, Allstate Property and Casualty Insurance Company ("Allstate"). Following a settlement, plaintiff's claims against Allstate and Mr. Anthony were dismissed with prejudice pursuant to a joint motion and order of dismissal.[2]

Plaintiff also filed a supplemental petition for damages against her insurer, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), seeking UM benefits, contending that the policy limits from Mr. Anthony's insurance policy were insufficient to fully compensate plaintiff for her damages. Farm Bureau answered the petition, averring that plaintiff's comparative negligence, failure to mitigate her damages, and pre-existing and/or superseding or intervening medical conditions precluded plaintiff from any further recovery.[3]

The matter proceeded to trial on October 1, 2018. Following the submission of post-trial memorandums, the trial court issued written reasons for judgment in

---

[1]Oak Street also serves as Louisiana Highway 16.

[2]Allstate tendered plaintiff the liability policy limits of $15,000.00.

[3]Farm Bureau issued plaintiff $5,000.00 in medical payments coverage benefits.

favor of Farm Bureau and against plaintiff, finding that "the testimony of every witness called at trial contained multiple inconsistencies and therefore the plaintiff simply did not prove by a preponderance of the evidence that [Mr. Anthony] was at fault in causing the crash that resulted in plaintiff's damages." On November 12, 2018, the trial court signed a judgment, dismissing plaintiff's suit against Farm Bureau with prejudice and ordering each party to bear their own costs.

Plaintiff now appeals, contending that the trial court erred in: (1) finding that plaintiff failed to prove her case by a preponderance of the evidence based upon the court's finding that the testimony of every witness contained multiple inconsistencies; (2) failing to make credibility assessments of the witnesses at trial; (3) failing to weigh the testimony of the witnesses; and (4) not finding Mr. Anthony at fault in causing the accident.

## DISCUSSION

### Assignments of Error Numbers One, Two, and Three

As set forth above in these assignments of error, plaintiff essentially challenges the factual findings of the trial court as reflected in the trial court's reasons for judgment. Specifically, plaintiff contends the court erred in finding that she failed to prove her case by a preponderance of evidence, and challenges the trial court's statement in its reasons for judgment that the testimony of every witness contained multiple inconsistencies. Plaintiff further argues the trial court erred in failing to make credibility assessments and weigh witnesses' testimony, citing the absence of such in any discussion in its reasons for judgment. Plaintiff argues that the trial court failed to reconcile any inconsistent testimony, noting that "[i]n its Reasons for Judgment, the trial court did not discuss any weight or credibility that it gave to any particular witness."

The trial court's reasons for judgment provide, in pertinent part:

3

[T]he testimony of every witness called at trial contained multiple inconsistencies and therefore plaintiff simply did not prove by a preponderance of the evidence that Jonathan Len Anthony was at fault in causing the crash that resulted in plaintiff's damages.

Although plaintiff contends the trial court's reasons for judgment are defective for lack of specificity or detail, and evidence error by the trial court, we note that as an appellate court, we review judgments and not reasons for judgment. Walton v. State Farm Mutual Automobile Insurance Company, 2018-1510 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1193, 1199. Indeed, judgments are often upheld on appeal for reasons different than those assigned by a trial court. Wooley v. Lucksinger, 2009-0571 (La. 4/1/11), 61 So. 3d 507, 572. The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed. Walton v. State Farm Mutual Automobile Insurance Company, 277 So. 3d at 1199. Accordingly, the job of the appellate court is to review the trial court's judgment, not its reasons for judgment. Wooley v. Lucksinger, 61 So. 3d at 572.

We nonetheless note that to the extent that plaintiff contends that the trial court's reasons for judgment failed to indicate how it reconciled conflicting testimony, or whether it reconciled conflicting testimony, a weighing of the testimony and a determination of the credibility to be given to the witnesses' testimony is implicit in the trial court's ultimate ruling that plaintiff failed to prove, by a preponderance of the evidence, that Mr. Anthony was at fault. As further set forth in our discussion of the remaining assignment of error, the ultimate determination of the trial court as to fault is amply supported by the record.

We find no merit to these three assignments of error.

4

## Assignment of Error Number Four

In plaintiff's fourth assignment of error, she contends that the trial court erred in finding that she failed to prove that Mr. Anthony was at fault in causing the accident by a preponderance of the evidence.

A determination of fault is a factual determination. McDowell v. Diggs, 2017-0755 (La. App. 1st Cir. 10/3/18), 264 So. 3d 489, 493. In order to reverse a factual determination by the trier of fact, this court must find that a reasonable basis does not exist for the finding and that the record establishes that the finding is clearly erroneous. Stobart v. State, Department of Transportation and Development, 617 So. 2d 880, 882 (La. 1993).

Appellate courts review apportionment of fault under the manifest error-clearly wrong standard of review. Schexnayder v. Bridges, 2015-0786 (La. App. 1st Cir. 2/26/16), 190 So. 3d 764, 773. The manifest error standard demands great deference to the fact finder's conclusions; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Pinn v. Pennison, 2016-0614 (La. App. 1st Cir. 12/22/18), 209 So. 3d 844, 847. Moreover, when factual findings are based on credibility determinations the manifest error standard of review demands great deference to the trier of fact's findings. Rosell v. ESCO, 549 So. 2d 840, 844 (La. 1989). Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Rosell v. ESCO, 549 So. 2d at 844; McDowell v. Diggs, 264 So. 3d at 494.

A preponderance of the evidence means evidence that is of greater weight than that which is offered in opposition thereto. Wiley v. Department of Health and Hospitals, 2015-1984 (La. App. 1st Cir. 9/16/16), 203 So. 3d 1085, 1088. Proof is sufficient to constitute a preponderance when, taken as a whole, it shows the fact of causation sought to be proved is more probable than not. Brown v.

Department of Health and Hospitals Eastern Louisiana Mental Health System, 2004-2348 (La. App. 1st Cir. 11/4/05), 917 So. 2d 522, 527, writ denied, 2006-0178 (La. 4/24/06), 926 So. 2d 545.

Thus, applying these precepts, our only inquiry at this stage is whether the trial court's factual findings of fault were reasonable, regardless as to how we may have weighed the evidence differently if we were sitting as the trier of fact. See Pinn v. Pennison, 209 So. 3d at 848.

Plaintiff testified that at the time of the accident, she was employed as a clerk in the property tax department of the Tangipahoa Parish Sheriff's Office and was leaving work for the day. She stated that she parked her car in a parking spot in the middle of the block about eleven spaces from the stop sign so she could "see" when she backed out onto Oak Street. Plaintiff testified that she got into her car, looked both ways, and saw that there was a car coming to the right. According to plaintiff, she then waited for the car to pass before backing out. Plaintiff stated that after the car cleared, she began backing out, when all of a sudden, she was hit on the rear driver's side of her vehicle. She testified that she was not really sure what happened after she started to back out, and she admitted that she never saw Mr. Anthony's truck prior to the accident.

Mr. Anthony testified that just before the accident, he picked up his seven-year-old son from daycare on Myrtle Street, and he then proceeded to the intersection of Myrtle and Oak Streets. He stated that after coming to a stop at the stop sign, he made a left turn and proceeded west on Oak Street for about 150 feet, when the front passenger side of his truck was struck by the rear of plaintiff's vehicle. Mr. Anthony testified that the accident happened very quickly and that he did not see plaintiff's vehicle before it hit him. He stated that plaintiff backed straight out of the parking spot and that there was nothing he could have done to avoid the accident. Mr. Anthony stated that the rear end of plaintiff's vehicle

struck the front passenger door of his truck behind the front passenger tire and that there was no damage to the front center bumper of his truck. Mr. Anthony denied that his vehicle struck the rear of plaintiff's vehicle as it was backing out. Mr. Anthony testified that he did not apply his brakes before the accident because he did not see plaintiff's vehicle before it struck him. He described it as a "sudden impact" from the side as he travelled down the street.

Sergeant Eric Simmons of the Amite City Police Department was dispatched to the scene to investigate the accident. After speaking to plaintiff and Mr. Anthony, Sgt. Simmons concluded that a contributing factor to the accident was plaintiff's violation of "improper backing" and that plaintiff was "inattentive." Sgt. Simmons testified that he noted the violation by plaintiff in his report because motorists are supposed to look back and make sure the roadway is clear before backing up into the roadway. The officer's report further indicates that plaintiff's vehicle was at an angle when the accident occurred, however, both plaintiff and Mr. Anthony testified that plaintiff was facing north and was backing straight out of the parking spot when the accident occurred. Sgt. Simmons did not issue a citation to either driver.

Sgt. Simmons testified that although he had no independent recollection of speaking with either driver at the time of trial, he would defer to the findings set forth in his report, which indicated that he spoke to both plaintiff and Mr. Anthony at the scene of the accident. Plaintiff, however, denied speaking to the officer at the scene of the accident. Also, while Sgt. Simmons recorded that Mr. Anthony told him that the glare from the sun was in his eyes and that he did not see plaintiff's vehicle backing out, Mr. Anthony denied making any such statement and testified that there must have been a misunderstanding, because when Sgt. Simmons asked him what happened, Mr. Anthony replied that he did not know,

and told the officer that maybe the sun was in **plaintiff's** eyes and she did not see him.

Marcie Renee Chadwick, a co-worker of plaintiff, testified that she was in her vehicle at the intersection of Myrtle and Oak Streets just before the accident occurred. Ms. Chadwick testified that she was at the stop sign coming from North Myrtle Street facing Mr. Anthony's vehicle, which was at the stop sign coming from South Myrtle Street. After she and Mr. Anthony turned onto Oak Street heading in opposite directions, she witnessed the accident in her rearview mirror. Ms. Chadwick testified that she saw Mr. Anthony's truck strike the rear passenger side of plaintiff's vehicle. She further testified that from what she could tell, plaintiff's vehicle was not at an angle at the time of the accident. Ms. Chadwick testified that prior to the accident, she did not see plaintiff's vehicle moving or backing out. Ms. Chadwick did not stop and return to the scene of the accident that day, but she was asked by a deputy to give a statement the following day.

Photographs of the vehicles taken after the accident and introduced at trial show damage across the rear and on the driver's side rear corner of plaintiff's vehicle and to the front passenger side of Mr. Anthony's vehicle.

After thorough review of the evidence and conflicting testimony herein, we find the record reasonably supports the trial court's conclusion that plaintiff's negligence was the sole cause of the accident. Louisiana law specifically provides that the driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic. LSA-R.S. 32:281. Backing an automobile is considered a dangerous maneuver, and the law imposes a high duty of care upon the driver attempting it. Rodrigue v. Firestone Tire & Rubber Company, 540 So. 2d 477, 479 (La. App. 1st Cir.), writs denied, 546 So. 2d 179, 180 (La. 1989).

As the party backing her vehicle out onto Oak Street into oncoming traffic, plaintiff had a high duty of care to ensure she could do so without interfering with other traffic. As the record amply demonstrates, she breached the duty of ensuring that such a maneuver could be made with reasonable safety, where Mr. Anthony was already traveling on Oak Street at the time. Considering the applicable law and the evidence presented herein, we find no error in the trial court's finding that plaintiff failed to establish, by a preponderance of the evidence, that Mr. Anthony was at fault in causing the accident.

Having thoroughly reviewed the conflicting testimony concerning the accident, and mindful of the great deference we must afford the trial court as fact finder, we are unable to say that the trial court's fault determination was manifestly erroneous or clearly wrong. Accordingly, we find no error in the ultimate ruling of the trial court, and no merit to plaintiff's assignment of error concerning the finding of fault.

## CONCLUSION

For the above and foregoing reasons, the November 12, 2018 judgment of the trial court is hereby affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Melissa Jo Davis.

**AFFIRMED.**